# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN CHARLES MURPHY,** <br> **Plaintiff,** <br> v. <br> **CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,** <br> **Defendant.** | **NO. EDCV 14-1937-KLS** <br><br> **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint on September 18, 2014, seeking review of the denial of his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). On June 22, 2015, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing and vacating the Commissioner's decision, and either ordering the immediate payment of benefits or remanding the matter for further administrative proceedings. (Joint Stip. at 23.) The Commissioner requests that the Court affirm the ALJ's decision or, should the Court reverse the decision, remand for further administrative proceedings in lieu of ordering immediate payment of benefits. (*Id.* at 24-25.) On August 13 and October 6, 2015, the parties consented, pursuant to 28 U.S.C. § 636(c), to

proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 20, 22, 23.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On March 15, 2012, plaintiff applied for a period of disability, DIB and SSI. (Administrative Record ("A.R.") 146, 153.) Plaintiff alleged disability commencing December 12, 2010, due to left and right shoulder injuries, arthritis, and numbness in his hand. (*Id.* 146, 173.) Plaintiff's prior relevant work experience included jobs as a graphic artist and a real estate agent. (*Id.* 174.) The Commissioner denied plaintiff's application on July 10, 2012. (*Id.* 92-96.) On February 14, 2013, the Commissioner denied plaintiff's request for reconsideration. (*Id.* 101-05.) On February 25, 2013, plaintiff requested a hearing. (*Id.* 107-08.) On September 25, 2013, plaintiff, who was represented by counsel, testified before Administrative Law Judge Paul Coulter ("ALJ"). (*Id.* 23-44.) Sandra Fioretti, a vocational expert, also testified. (*Id.* 44-50.) On October 30, 2013, the ALJ issued an unfavorable decision, denying plaintiff's claims for DIB and SSI. (*Id.* 9-17.) On July 28, 2014, the Appeals Council denied plaintiff's request for review. (*Id.* 1-4.)

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff had not engaged in substantial gainful activity since December 12, 2010, the alleged onset date. (A.R. 14.) The ALJ further found that plaintiff had the following severe impairments: "mild degenerative joint disease of the bilateral shoulders, status post surgeries; arthritis; numbness in hand; bilateral thigh paresthesais; diabetes mellitus, type 1 (well controlled)." (*Id.*) The ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.* 14-15.) The ALJ

determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that plaintiff "can lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently; stand/walk for about 6 hours out of 8; sit for about 6 hours out of 8; postural activities such as climbing, balancing, stooping, kneeling, crouching, [and] crawling can be performed on an occasional basis; and no ladders, ropes, or scaffolds; no bilateral upper extremity overhead reaching." (*Id.* 15.) The ALJ found that plaintiff was capable of performing his past relevant work as a graphic designer, as that work did not require any activities precluded by his RFC, and that plaintiff was not disabled. (*Id.* 17.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ

is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

## DISCUSSION

Plaintiff alleges that the ALJ's decision was not supported by substantial evidence because the ALJ failed to: (1) consider certain medical evidence that was favorable to his claim of disability; and (2) failed to properly consider plaintiff's subjective symptom complaints. (Joint Stip. 6-10, 14-17.)

### I. The ALJ Erred By Selectively Considering The Medical Evidence

Plaintiff first argues that the ALJ's determination of his RFC relied too heavily on limitations set forth by an orthopedic consultative examiner on June 17, 2012 (A.R. 233-237), and ignored evidence from Plaintiff's primary treating physician, Dr. Steven Saltman. Plaintiff more specifically contends that his shoulders are not the principal problem causing his physical limitations, so the ALJ's focus on one orthopedic consultative examination and

subsequent discounting of Dr. Saltman's treating records, essentially misstates the evidence. (Joint Stip. at 7-8.) The Court agrees.

### A. Legal Standard

An ALJ must consider all of the medical opinions in the claimant's case file. 20 C.F.R. §§ 404.1527(b), (c). The ALJ may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others); *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) ("[T]he [ALJ]'s decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'") (citing *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)); *see also Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (it is impermissible for the ALJ to develop an evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports."); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (finding error for an ALJ to ignore competent evidence in the record in order to justify his conclusion); *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability."); *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) ("[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.") (citation omitted).

Further, by rule the ALJ must generally give more weight to opinions of treating physicians, "since these sources are likely the medical professionals most able to provide a detailed longitudinal picture of your medical impairments(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings along or from reports of individual examinations, such as consultative examinations[.]" 20 C.F.R. § 404.1527(c) (2); *see also*, *Orn v. Astrue*, 495 F.3d at 631.

5

Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d at 830. Even when a treating physician's opinion is controverted, the ALJ must provide "specific, legitimate reasons for rejecting it." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1996). Here, ALJ has not articulated clear and convincing reasons supported by substantial evidence in the record for choosing not to assign controlling weight to Dr. Saltman's opinions as plaintiff's treating physician.

### B. The ALJ Erred in Favoring the Consulting Orthopedist's Opinions Over Those of the Treating Physician

The ALJ concluded that plaintiff was not disabled by selectively focusing on the opinions of consulting orthopedic surgeon, Payam Moazzaz, M.D., who completed a consultative examination of plaintiff on June 17, 2012 (A.R. 233-37.) Dr. Moazzaz examined plaintiff on a single occasion and after examining plaintiff's range of motion, grip strength, concluded that plaintiff had mild bilateral shoulder degenerative joint disease. (*Id.* at 235-36.) However, at the hearing before the ALJ, plaintiff testified that his shoulders did not prevent him from working. (A.R. 43). Rather, plaintiff testified that the main condition limiting his ability to work was problems with numbness in his hand, arms and legs, which Dr. Moazzaz, the orthopedist, did not address. (*Id.* at 43-44.) The ALJ appears to have conceded as much at the hearing. In response to the observation by plaintiff's attorney that "The orthopedist said there was no problem, but he really wasn't look [sic] at diabetes and a neurological problem either – the CE, I'm talk [sic] about[,]" the ALJ responded, "Right." (A.R. 49.). Consequently, Dr. Saltman's opinions are not controverted by the consulting orthopedist, rather his opinions and treating notes regarding increasing plaintiff's numbness in his legs, arm and hands, are simply not taken into account at all.

Plaintiff was born January 25, 1957. (A.R. 153.) He was 56 years old on the date of the hearing before the ALJ. (*Id.* 23.) Under Social Security Administration regulations, plaintiff is considered a "Person of advanced age." *See* 20 C.F.R. § 416.963(e) (classifying a person age 55 or older as a "Person of advanced age.") Plaintiff has had diabetes mellitus, type 1 since age 15 (A.R. 15), and the ALJ found this condition to be "well controlled" and "amenable to proper control by adherence to recommended medical management and medication compliance" (*id.* 14). Despite these finding, plaintiff's medical records also reveal that he has been under the care of his treating physician Dr. Steven Saltman since 1980. (A.R. 189.) Moreover, plaintiff has complained of numbness in his left thigh for 15 years. (*Id.* 15.)

In November 2012, Dr. Saltman observed that:

> His legs are getting worse. He sometimes when he gets up has complete numbness of both legs. He still has a lot of thigh numbness bilaterally and hand numbness. Again, I think that he should see neurology but again he is going to hold for financial reasons."

(A.R. 240.) On a previous occasion, Dr. Saltman noted that plaintiff "does take about 4 to 6 full aspirin daily for the numbness and he takes an occasional Advil." (*Id.* 244.) By February 2013, Dr. Salman reported, "[he] definitely has decreased 10 g sensation; . . . He is still [sic] has a lot of numbness, aching especially legs, thighs, hands." (*Id.* 279.)

The ALJ failed to give controlling weight to these specific findings by Dr. Saltman concerning plaintiff's increasing numbness and pain. (A.R. 240, 242, 244, 279, 281-82, 284.) Furthermore, the reasons the ALJ gives for not giving greater weight to Dr. Saltman's opinion are not sufficient. The first reason the ALJ appears to discount Dr. Saltman's

7

opinions is because plaintiff never saw a neurologist about the numbness. (*Id.* 16.) But Dr. Saltman's records make clear that because plaintiff was uninsured he did not have the ability to pay out of pocket for the neurological consult. (*Id.* 240.) Plaintiff's financial hardship in no way discredits Dr. Saltman's opinion that plaintiff needed neurological treatment. The other reason the ALJ gives for discounting Dr. Saltman's opinions is that "the medical records do not support the alleged severity of the symptoms. His conditions appear to be either well controlled and one is controlled." (*Id.* 16.) This reason is insufficient as it is not supported by substantial evidence. Plaintiff's conditions that were either "well controlled" or "controlled" were his diabetes mellitus (*id.* 14) and benign hypertension (*id.* 14). The Court can find no evidence in the record suggesting that the numbness in plaintiff's thigh, legs, and arms was ever "controlled" or "well controlled." In fact, Dr. Saltman's treatment notes indicate exactly the opposite, noting in November 2012, that "[Plaintiff's] legs are getting worse." (A.R. 240.)

Further, although defendant argues the medical evidence on the whole did not support the conclusion that plaintiff was disabled due to numbness (Joint Stip. 11-13), that argument constitutes a *post hoc* analysis that was not expressly made by the ALJ, and this Court may only affirm on grounds raised by the administrative decision. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Accordingly, because the ALJ, failed to give proper weight to the opinions of the treating physician, selectively relied on only certain portions of the medical evidence, and did not explain inconsistencies and ambiguities, particularly where some of the contrary evidence consisted of findings by plaintiff's treating physician, the Court cannot find that substantial evidence supports the ALJ's conclusions. *See Robinson*, 366 F.3d at 1083; *see also See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (even where a treating physician's opinion is contradicted by another doctor's opinion, it is still owed deference and

8

will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight.").

## II. Plaintiff's Credibility

Because the Court remands on the ground described above, the Court declines to reach a decision on plaintiff's contention that the ALJ failed to adequately assess his subjective pain complaints. Nevertheless, on remand, the ALJ should ensure that he makes specific, cogent findings that are supported by substantial evidence for discounting plaintiff's credibility, findings that are "sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (any conclusion that the claimant's complaints are less than credible be supported by "specific, cogent findings"); *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (the ALJ's reasons for discounting the plaintiff's testimony must be "clear and convincing" and supported by substantial evidence).

## III. Remand Is Warranted

In light of the ALJ's error, this matter must be remanded. The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Under the credit-as-true rule, a district court should remand for an award of benefits when the following three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would

9

be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. The third of these conditions "incorporates . . . a distinct requirement of the credit-as-true rule, namely that there are no outstanding issues that must be resolved before a determination of disability can be made." *Id.* n.26; *see also Harman*, 211 F.3d at 1179-81 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

Here, it is yet unclear whether proper consideration and characterization of all the available medical evidence would lead to a disability finding. For this reason, the Court finds there are outstanding issues that must be resolved before a determination of disability can be made. Accordingly, the Court remands for further development of the record, including the proper consideration of the available medical records. *Cf. Garrison*, 759 F.3d at 1021 (where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the court retains flexibility to remand for further proceedings even though all conditions of the credit-as-true rule are satisfied); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATE: October 7, 2015


_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE